UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Sohail Rahman,

              Plaintiff,

v.                               Civil Action No.: _____

Van Ru Credit Corp.

              Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Sohail Rahman, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Sohail Rahman seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, and New York General Business Law § 349 by the Defendant and its agents in its illegal efforts to collect a consumer debt.

2. This action arises primarily out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") against the Plaintiff and class members. Pursuant to 15 U.S.C. §1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

3. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper in this District, as the Defendant transacts business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6. The Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

7. Defendant Van Ru Credit Corp. ("Van Ru") operates in the State of Illinois with a principal executive office at 1350 E. Touhy Avenue, #300E, Des Plaines, IL 60018.  The Defendant's address for service of process is: C/O Corporation Service Company, 80 State Street, Albany, NY 12207-2453.

8. Van Ru is operating as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

9. Van Ru's agents (hereinafter "Agents") are individuals employed by the Defendant whose identities are currently unknown to the Plaintiff.

## ALLEGATIONS

10. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. The Plaintiff incurred a financial obligation in connection with a federal student loan.  Federal loans are guaranteed, administered, and made available by the U.S. Department of Education (hereinafter "Creditor").

12. The Debt arose from services which were primarily for family, personal, or household purposes and which conforms with the definition of a "debt" under 15 U.S.C. § 1692a(5).

13. The Debt was purchased, assigned, or transferred to the Defendant for collection, or the Defendant was employed by the Creditor to collect the Debt.

14. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### False and Deceptive Promises about Rehabilitation

15. From late 2011, the Plaintiff started receiving harassing calls from the Defendant's Agents. Calls were placed to his work; calls were placed to family; and threats were made including "something is going to happen" if you do not take care of this situation. The Plaintiff never received any follow-up letters pursuant to these calls, and the callers usually did not identify themselves or disclose the company they were calling from.

16. In late 2011 or early 2012, the Plaintiff spoke with Defendant's Agent (Leona Redmon). Ms. Redmon asked the Plaintiff if he was ever placed in a rehabilitation payment plan; he said he was. Nevertheless, the Agent said that if he made 10 consecutive on-time payments, his account would be placed in consideration for removal of its default status and returned to the Creditor.

17. After making the 10 consecutive on-time payments, the loan was not taken out of default. The Plaintiff called Defendant in October or November of 2012 and was informed that the loan would neither be taken out of default, nor would it be returned to the Creditor.

18. Upon information and belief, the Defendant never intended to remove the account from default status or return the account to the Creditor.

19.     Upon information and belief, the Defendant intentionally deceived the Plaintiff into entering a payment plan with false representations.

### Over $30,000 Assessed in Fees and Costs

20.     In a letter dated April 8, 2013, the Defendant claimed that the Plaintiff currently owes $31,450.07 in fees and costs and $27,027.12 in interest.

21.     On May 1, 2013, the Plaintiff called the Defendant to inquire about the fees and costs.  The Plaintiff asked an Agent what the fees and costs were comprised of; the Agent responded "the collection fee is for your being in collections."  When the Plaintiff explained that fees and costs were not labeled as 'collection fee,' the Agent stated "this is the amount they're going to penalize you for."

22.     When the Plaintiff asked for a breakdown of the fees and costs, the Agent stated that the Plaintiff must make the request in writing.  The Agent provided an email address at which the request can be made.

23.     The same day, the Plaintiff emailed Van Ru a messages that stated, in part:

> Dear Van Ru Credit Corporation, [a]s instructed by you, I am sending in writing a request for the following items listed below.  1 -  A document containing a detailed breakdown of all fees and costs that are connected to my Student Loans.  2- A copy of my original student loan or loans.  Could you please send them to my current address . . . or you can also email them to me.

24.     On May 7, 2013, Van Ru responded with a letter stating "[p]lease find the enclosed copies of the promissory note(s) you requested."  The letter did not contain any breakdown of the fees and costs that the Plaintiff requested.

25.     On June 17, 2013, the Plaintiff sent Van Ru another letter by email and mail which stated, in part:

> I am writing to request a detailed breakdown of costs and fees that you have placed on my account. I have previously requested this information but [you] have not sent it to me. You only sent me a copy of the promissory notes.

26. At no point after this letter did Van Ru provide the Plaintiff with a breakdown of the fees and costs.

27. Upon information and belief, the Defendant has no legal justification for charging the Plaintiff $31,450.07 for fees and costs. The promissory notes governing the Plaintiff's loans require that fees and costs be "reasonable," and the fees and costs assessed on the Plaintiff's loan are not reasonable.

**Misleading Identification on Envelope**

28. On April 8, 2013, the Plaintiff received a letter from the Defendant which was enclosed in an envelope. The envelope contained a window through which the sender's name and address could be seen.

29. The sender's name and address which appeared through the envelope window were as follows:

> Dept. 96316
> PO Box 1259
> Oaks, PA 19456

30. The name that appeared on the envelope "Dept. 96316" is false and misleading. Upon information and belief, this designation is used to provide the appearance that the letter is from a U.S. government office such as the IRS.

31. The designation "Dept. 96316" is an improper symbol that is used to confuse and intimidate the consumer. The designation violates FDCPA §1692f(8) and §1692e(14).

## Class Action Allegations

32. With respect to the factual allegations stated in paragraphs ¶¶28-31, *supra*, the Plaintiff brings this action on behalf of himself and members of a similarly situated class.

33. The Plaintiff proposes the class to be defined as follows:

   a. **Class: All consumers who received an envelope from the Defendant sent to an address in the State of New York that indicate the sender's name as "Dept 96316" or "Dept" followed by any combination of numbers.**

34. Pursuant to Federal Rule of Civil Procedure 23, a class is appropriate and preferable in this case because:

   a. Based on the fact that routine mailings and general correspondence from the Defendant are at the heart of the class-action claims in this litigation, the proposed class is so numerous that joinder of all members is impracticable.

   b. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented is whether Defendant's use of the "Dept" name and designation was an improper use of language or symbol under FDCPA §1692f(8) and/or a use of a fake company name pursuant to FDPA §1692e(14).

   c. Identification of the consumers who did not receive the appropriate notices from the Defendant, described more fully in the class definition *supra*, is a matter that can best be determined from the Defendant's records.

   d. The precise number of consumers in this class is unknown at this time and can only be discerned through discovery. However, upon information and belief, the

Defendant is hired by the Creditor to collect on alleged debts regarding the accounts of hundreds or thousands consumers. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

e. The claims of the Plaintiff for this cause of action are typical of those of the class members. All are based on the same facts and legal theories.

f. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

g. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically provided, at 15 U.S.C. §1692k, for the commencement of class actions as a primary means of enforcing the FDCPA.

h. Absent a class action, most members of the class would find the cost, time, and ability of engaging in protracted litigation prohibitive.

i. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

j. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant and other debt collectors.

k. The amount of damages at issue is such that proceeding by way of a class action is the most economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the class.

**Plaintiff Suffered Actual Damages**

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

37. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, emotional distress, and frustration.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendant used a false and deceptive means to collect a debt.

40. The Defendant's conduct violated 15 U.S.C. §1692e(14) in that Defendant used a false or misleading entity name to collect a debt.

41. The Defendant's conduct violated 15 U.S.C. §1692f(8) in that Defendant used improper language and symbols on an envelope.

42. The Defendant's conduct violated 15 U.S.C. §1692e(2)(A) and §1692e(2)(B) by misrepresenting the amount of the Debt and misrepresenting the compensation which may be lawfully received in connection with debt collection actives.

43. The Defendant's conduct violated 15 U.S.C. §1692f in that the Defendant used an unfair and unconscionable means to collect or attempt to collect an alleged Debt.

44. The Defendant's conduct violated 15 U.S.C. §1692f, and 15 U.S.C. 1692f(1) by collecting and attempting to collect an amount not authorized by law or the underlying agreement regarding the Debt.

45. The Defendant's conduct violated 15 U.S.C. §1692d in that Defendant engaged in activity the natural consequence of which was to harass and oppress the Plaintiff.

46. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

47. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## DEFENDANT'S VIOLATIONS OF
## NEW YORK GENERAL BUSINESS LAW §349

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

50. By acting as a debt collector, Defendant conducts "business' or provides a "service" within the meaning of New York General Business Law § 349.

51. The Defendant engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs ¶¶10-31. The aforementioned acts and omissions by the Defendant 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

52. By reason of the conduct alleged above, Defendants engaged in deceptive conduct in violation of New York General Business Law § 349.

53. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Awarding the Plaintiff actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the FDCPA violations pursuant to 15 U.S.C. §1692k(a)(1);

2. Awarding the Plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k;

3. Awarding the Plaintiff actual damages and statutory damages pursuant to New York General Business Law § 349 against Defendant;

4. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and

5. Granting such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 15, 2013

Respectfully submitted,

By: /s/ Hashim Rahman
Hashim Rahman, Esq.
Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax: (347) 382-9457