UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Sohail Rahman,<br><br>            Plaintiff,<br>v.<br><br>Van Ru Credit Corp.<br><br>            Defendant. | :<br>:<br>:<br>:<br>: Civil Action No.: 1:13-cv-04620-RJD-RER<br>:<br>:<br>:<br>:<br>:<br>: |

**AMENDED CLASS ACTION COMPLAINT**

This Amended Complaint is filed as of right pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.

Plaintiff Sohail Rahman, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff Sohail Rahman seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, and New York General Business Law § 349 by the Defendant and its agents in its illegal efforts to collect a consumer debt.

2.      This action arises primarily out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") against the Plaintiff and class members. Pursuant to 15 U.S.C. §1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

3. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper in this District, as the Defendant transacts business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. The Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

6. The Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

7. Defendant Van Ru Credit Corp. ("Van Ru") operates in the State of Illinois with a principal executive office at 1350 E. Touhy Avenue, #300E, Des Plaines, IL 60018. The Defendant's address for service of process is: C/O Corporation Service Company, 80 State Street, Albany, NY 12207-2453.

8. Van Ru is operating as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

9. Van Ru's agents (hereinafter "Agents") are individuals employed by the Defendant whose identities are currently unknown to the Plaintiff.

## ALLEGATIONS

10. The Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

11. The Plaintiff incurred a financial obligation in connection with a federal student loan. Federal loans are guaranteed, administered, and made available by the U.S. Department of Education (hereinafter "Creditor").

12. The Debt arose from services that were primarily for family, personal, or household purposes and which conforms with the definition of a "debt" under 15 U.S.C. § 1692a(5).

13. The Debt was purchased, assigned, or transferred to the Defendant for collection, or the Defendant was employed by the Creditor to collect the Debt.

14. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

15. From 2011 to 2013, the Defendant engaged in a series of unlawful acts against the Plaintiff. The series of acts constitute numerous and continuing violations of the FDCPA and New York General Business Law §349.

**Defendant's Verbal Harassment and Deceptive Promises**

16. From late 2011, the Plaintiff started receiving harassing calls from the Defendant's Agents. Calls were placed to his work; calls were placed to family; and threats were made including "something is going to happen" if you do not take care of this situation. The Plaintiff never received any follow-up letters pursuant to these calls, and the callers *usually* did not identify themselves or disclose the company they were calling from.

17. In about December, 2011, the Defendant's Agent called the Plaintiff's place of work, spoke to the secretary, and said there was an emergency. The Defendant's Agent did not identify himself. The Defendant's Agent exclaimed (to the secretary) that the Plaintiff was in "a lot of trouble!" The Defendant's Agent stated that he needed to speak with the Plaintiff

immediately or "something is going to happen." A few days later, the Defendant called the Plaintiff's mother's residence and left a message stating, "it is Raymond calling about your loan; you better call us back . . ." The Defendant's Agent called again and spoke with the Plaintiff's mother and said that the Plaintiff' "was in trouble" regarding his student loan debt.

18. Within a few weeks of the above-stated incidents, the Plaintiff spoke with a different Agent (Leona Redmon). Ms. Redmon asked the Plaintiff if he was ever placed in a rehabilitation payment plan; he said he was. Nevertheless, the Agent said that if he made 10 consecutive on-time payments, his account would be placed in consideration for removal of its default status and returned to the Creditor. After this conversation, the Plaintiff started making payments of approximately $980.00 per month.

19. The Plaintiff was later informed, in October or November of 2012, that his payments were not part of any rehabilitation program. The Plaintiff was told that consecutive, on-time payments would not clear the default because the Plaintiff was not qualified to rehabilitate the loan.

20. Upon information and belief, the Defendant never intended to remove the account from default status or return the account to the Creditor. The Defendant used a false and deceptive means to lure the Plaintiff into make higher than usual payment amounts ($980.00 per month).

21. Upon information and belief, the Defendant intentionally deceived the Plaintiff into entering a payment plan with false representations.

**Over $30,000 Assessed in Fees and Costs**

22. In a bill dated April 8, 2013, an amount of $31,450.07 was labeled as "FEES & COSTS." Other amounts on this bill and their corresponding labels are as follows:

| | |
|---|---|
| PRINCIPAL BAL: | $102,184.27 |
| INTEREST: | $27,027.12 |
| FEES & COSTS: | $31,450.07 |
| TOTAL BALANCE | $160,661.46 |

23.     On May 1, 2013, the Plaintiff called the Defendant to inquire about the "FEES & COSTS" charge. The Plaintiff asked an Agent what the "FEES & COSTS" were comprised of; the Agent responded, "the collection fee is for your being in collections." When the Plaintiff explained that "FEES & COSTS" were not labeled as 'collection fee,' the Agent stated "this is the amount they're going to penalize you for."

24.     When the Plaintiff asked for a breakdown of the fees and costs, the Agent stated that the Plaintiff must make the request in writing. The Agent provided an email address to which the Plaintiff may send his request.

25.     The same day, the Plaintiff emailed Van Ru a message that stated, in part:

> Dear Van Ru Credit Corporation, [a]s instructed by you, I am sending in writing a request for the following items listed below. 1 - A document containing a detailed breakdown of all fees and costs that are connected to my Student Loans. 2- A copy of my original student loan or loans. Could you please send them to my current address . . . or you can also email them to me.

26.     On May 7, 2013, Van Ru responded with a letter stating "[p]lease find the enclosed copies of the promissory note(s) you requested." The letter did not contain any breakdown of the fees and costs that the Plaintiff requested.

27.     The promissory notes attached to the Defendant's aforementioned letter included the following term about fees and costs: "If I default on the loan, I will pay *reasonable* collection fees and costs, plus court costs and attorney's fees associated with the collection of the debt" (emphasis added).

5

28.     On June 17, 2013, the Plaintiff sent Van Ru another letter by email and mail which stated, in part:

> I am writing to request a detailed breakdown of costs and fees that you have placed on my account. I have previously requested this information but [you] have not sent it to me. You only sent me a copy of the promissory notes.

29.     At no point after this letter did Defendant Van Ru provide the Plaintiff with a breakdown of the "FEES & COSTS" amount. The Defendant failed to explain how $31,450.07 was a reasonable amount (as was required by the promissory note), especially when there has been no litigation.

30.     The promissory notes governing the Plaintiff's loans require that fees and costs be "reasonable." The fees and costs assessed on the Plaintiff's loan are not reasonable.

31.     As of the date of this Amended Complaint, the Defendant has still failed provide the Plaintiff with a breakdown of the "FEES & COSTS" amount as requested. The Defendant's failure to disclose this information is a continuing violation of the FDCPA and New York General Business Law §349.

32.     Upon information and belief, the Defendant regularly and systematically charges and bills consumers for "FEES & COSTS" that are unreasonable and illegal. This regular and systematic process of overcharging consumers constitutes class-based violations of the FDCPA.

**Misleading Identification on Envelope**

33.     On April 8, 2013, the Plaintiff received a letter from the Defendant which was enclosed in an envelope. The envelope contained a window through which the sender's address could be seen.

34.     The sender's address which appeared through the envelope window was as follows:

6

>Dept. 96316
>PO Box 1259
>Oaks, PA 19456

35. The "Dept. 96316," written above the address, is a false and/or misleading statement. Upon information and belief, the "Dept. 96316" is used to provide the appearance that the letter is from a U.S. government office such as the IRS.

36. The "Dept. 96316" constitutes improper language and/or an improper symbol that is used to confuse the consumer.

37. The use of "Dept. 96316" by the Defendant on its envelopes constitutes violations 15 U.S.C. §1692f(8) and §1692e(14).

## Class Action Allegations

38. With respect to the factual allegations stated in paragraphs ¶¶22-37, *supra*, the Plaintiff brings this action on behalf of himself and members of a similarly situated class.

39. The Plaintiff proposes the class to be defined as follows:

>a. Class A: All consumers
>>1. who received an envelope from the Defendant (within one year preceding the filing of this action)
>>2. at any address in the State of New York
>>3. where "Dept 96316" or "Dept" followed by any combination of numbers was visible on the envelope.
>
>b. Class B: All consumers
>>1. who have federal student loan accounts that have been assigned or referred to the Defendant for collection

7

    **2. who were charged or billed a "FEES & COSTS" amount (within one year preceding the filing of this action)**

    **3. and that amount was impermissible pursuant 15 U.S.C. §1692f(1) and/or 15 U.S.C. §1692e(2).** For Class B, 15 U.S.C. §1692f(1) prohibits the collection of any amount – including any interest, fee, charge, or expense incidental to the principal obligation – unless such amount is expressly authorized by the underlying agreement creating the debt or permitted by law; and, 15 U.S.C. §1692e(2) prohibits, *inter alia*, the false representation of the character, amount, or legal status of the debt.

40. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class is appropriate and preferable in this case because:

    a. Based on the fact that routine mailings and general correspondence from the Defendant are at the heart of the class-action claims in this litigation, the proposed class is so numerous that joinder of all members is impracticable.

    b. There are questions of law and fact common to the classes and these questions predominate over any questions affecting individual claims. The principal question presented (for Class A) is whether Defendant's use of the "Dept" was an improper use of language or symbol under 15 U.S.C. §1692f(8) and/or a use of a fake company name pursuant to FDPA §1692e(14). The principal presented (for Class

8

B) is whether the Defendant systematically charges a "FEES & COSTS" amount that violates 15 U.S.C. §1692f(1) and/or 15 U.S.C. §1692e(2).

c. Identification of the consumers, described more fully in the class definitions, *supra*, is a matter that can best be determined from the Defendant's records. Identification of consumer charges is also a matter that can best be determined from the Defendant's records.

d. The precise number of consumers in each class is unknown at this time and can only be discerned through discovery. However, upon information and belief, the Defendant is hired by the Creditor to collect on alleged debts regarding the accounts of hundreds or thousands consumers. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

e. The claims of the Plaintiff are typical of those of the class members for Class A and Class B. The class claims are all based on the same facts and legal theories.

f. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

g. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically provided, at 15 U.S.C. §1692k, for the commencement of class actions as a primary means of enforcing the FDCPA.

h. Absent a class action, most members of the class would find the cost, time, and ability of engaging in protracted litigation prohibitive.

    i.   The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

    j.   Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant and other debt collectors.

    k.   Proceeding by way of a class action is the most economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the class.

### Plaintiff Suffered Actual Damages

41.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

43.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, emotional distress, and frustration.

44.    The FDCPA's one-year statute of limitations period should be equitably tolled to cover the continuous conduct by the Defendant which began in 2011.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

45.    The Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

46.    The Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendant used a false and/or deceptive means to collect a debt.

10

47. The Defendant's conduct violated 15 U.S.C. §1692e(14) in that Defendant used a false and/or misleading entity name to collect a debt.

48. The Defendant's conduct violated 15 U.S.C. §1692f(8) in that Defendant used improper language and/or improper symbols on an envelope.

49. The Defendant's conduct violated 15 U.S.C. §1692e(2)(A) and §1692e(2)(B) by misrepresenting the amount of the Debt and misrepresenting the compensation which may be lawfully received in connection with debt collection actives.

50. The Defendant's conduct violated 15 U.S.C. §1692f in that the Defendant used an unfair and unconscionable means to collect or attempt to collect an alleged Debt.

51. The Defendant's conduct violated 15 U.S.C. 1692f(1) by collecting and attempting to collect an amount not authorized by law or the underlying agreement regarding the Debt.

52. The Defendant's conduct violated 15 U.S.C. §1692d in that Defendant engaged in activity the natural consequence of which was to harass and oppress the Plaintiff.

53. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

54. The Plaintiff and class members are entitled to damages as a result of Defendant's violations.

## COUNT II
## DEFENDANT'S VIOLATIONS OF
## NEW YORK GENERAL BUSINESS LAW §349

55. The Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

11

56. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

57. By acting as a debt collector, Defendant conducts "business' or provides a "service" within the meaning of New York General Business Law § 349.

58. The Defendant engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs ¶¶10-37. The aforementioned acts and omissions by the Defendant 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

59. By reason of the conduct alleged above, Defendant engaged in deceptive conduct in violation of New York General Business Law § 349.

60. Under New York General Business Law § 349(h), "any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice . . ."

61. The placement of amount labeled "FEES & COSTS" (which was approximately $31,450.07 when this action was filed) was an unlawful act under New York General Business Law §349. The Defendant's efforts to collect the aforementioned "FEES & COSTS" constitute unlawful acts under New York General Business Law §349.

62. Pursuant to New York General Business Law §349(h), the Plaintiff requests the Court to order the Defendant to remove the "FEES & COSTS" amount (which was $31,450.07 when the action was filed), and order the Defendant to assess a proper and "reasonable" amount as is required by the underlying loan's promissory notes.

63. The Plaintiff is entitled to monetary damages as a result of Defendant's violations. The Plaintiff is entitled to treble damages pursuant to New York General Business Law §349(h).

12

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Awarding the Plaintiff actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the FDCPA violations pursuant to 15 U.S.C. §1692k(a)(1);

2. Awarding the Plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k;

3. Awarding the Plaintiff actual damages and statutory damages pursuant to New York General Business Law § 349 against Defendant;

4. Awarding the Plaintiff treble damages pursuant to New York General Business Law § 349(h).

5. Awarding the Plaintiff the injunctive relief described in paragraphs ¶¶60-62. The Plaintiff is entitled to injunctive relief pursuant to New York General Business Law § 349(h).

6. Awarding the Plaintiff declaratory relief *via* an order stating that the 'FEES & COSTS" assessed on his loan account are unreasonable.

7. Awarding the Plaintiff equitable relief by tolling the FDCPA's one-year statute of limitations period to cover the continuous conduct by the Defendant which began in 2011.

8. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and

9. Granting such other and further relief that the Court may deem just and proper.

13

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated:  November 25, 2013

                                                         Respectfully submitted,

                                                         By:  /s/ Hashim Rahman
                                                         Hashim Rahman, Esq.
                                                         Rahman Legal
                                                         155 Water Street
                                                         Brooklyn, NY 11201
                                                         hrahman@rahmanlegal.com
                                                         Phone: (347) 433-6139
                                                         Fax: (347) 382-9457